OPINION OF THE COURT
Harold Baer, Jr., J.
Petitioner seeks in this CPLR article 78 proceeding to compel respondent Commissioner of the New York City Department of Buildings to declare the building owned by respondent Ninth Street New York Associates (Ninth Street Associates), at 105 East 9th Street, New York, New York, to be unsafe, to issue an order requiring the occupants of the building to vacate it, and to issue an order to demolish the building. Respondent Commissioner cross-moves to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and for failure to exhaust administrative remedies (CPLR 7804 [f]).
Petitioner desires to construct a six-story commercial building on his vacant lot at 101-103 East 9th Street, which is adjacent to respondent Ninth Street Associates’ building, but has been unsuccessful in his attempt to obtain a construction *519 permit. Respondent Commissioner has admonished him that he must, through underpinning and other safety precautions, ensure that construction activity not damage the building or property at 105 East 9th Street. Yet, petitioner’s engineer has warned of the potential collapse of the building at 105 East 9th Street — especially during any reasonable excavation work. Petitioner contends that notwithstanding his engineer’s warning and the observations, inspections and investigations of the agents, engineers and inspectors of respondent Commissioner, the Commissioner has failed to accept that the building at 105 East 9th Street is unsafe and in threat of imminent collapse, and arbitrarily, capriciously and unreasonably has refused petitioner’s request that he act to vacate and demolish the building.
The Commissioner does not dispute that respondent Ninth Street Associates must do remedial work on its building at 105 East 9th Street so as to clear all existing violations. However, he has determined that a vacate and demolition order is not required based upon the inspection report of October 18, 1984 of the Department of Buildings which concluded the building’s condition was stable despite the existence of certain code violations. He has also determined that it is the petitioner who must undertake specific measures to insure the structural integrity of the adjoining building and the safety of its occupants if petitioner plans on developing his property.
Administrative Code of the City of New York (Administrative Code) § C26-80.0 requires that any structure which becomes dangerous or unsafe be taken down and removed, or be made safe and secure. Administrative Code § 643a-13.0 provides that whenever a building "is, in the opinion of the commissioner, in a condition or in effect dangerous or detrimental to life or health, the commissioner may declare that the same, to the extent that he may specify, is a public nuisance and he may order the same to be removed, sealed, abated, suspended, altered or otherwise improved or purified.” Under Administrative Code § C26-84.0 the borough superintendent of buildings is empowered to order those occupants of a building in actual and immediate danger of falling, to vacate the premises. Contrary to petitioner’s argument, these sections clearly vest the Commissioner with discretionary authority. They do not constitute a recitation of ministerial duties to be carried out by him. Mandamus does not lie when the act sought to be performed is a matter of discretionary authority and petitioner cannot establish his clear right to the relief. *520 Further, that remedy is unavailable to central executive and administrative acts. (New York State Inspection Sec. & Law Enforcement Employees v Cuomo, 103 AD2d 312 [2d Dept], affd 64 NY2d 233 [1984].)
Furthermore, petitioner’s failure to exhaust his administrative remedy renders this proceeding premature and necessitates its dismissal (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978]). The New York City Charter provides that the Board of Standards and Appeals (Board) may entertain appeals from any decision or order of the Commissioner or of any borough superintendent of buildings (NY City Charter § 666 [7]), and the Administrative Code grants petitioner the right to take an appeal from any decision or interpretation of the Commissioner or the borough superintendent of buildings (Administrative Code § C26-87.5), and there is no allegation that such an appeal would be futile or that the Board would accord anything less than adequate relief. In any event, judicial review in a matter such as this is only available by way of a CPLR article 78 proceeding from any illegal or arbitrary act of that Board. The cross motion to dismiss is granted.
Accordingly, the application is denied and the petition is dismissed without prejudice to renewal should that be appropriate following a prompt submission (within 30 days) and on expedited decision (within 60 days from submission) by the Board.